UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO WILLIAMS,        ) | |
|    Plaintiff,        ) | |
|            ) | |
| vs.        ) | Case No. 23-cv-3239 |
|            ) | |
| BUCK POLLEY,        ) | |
|    Defendant.        ) | |

## MERIT REVIEW ORDER

Plaintiff Antonio Williams, proceeding *pro se* and incarcerated at Graham Correctional Center ("Graham"), files suit under 42 U.S.C. § 1983 against Defendant Buck Polley. This cause is before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff alleges he began experiencing a chronic cough, runny nose, sneezing, headaches, chest pain, and respiratory irritation in March 2022 due to the facility's ventilation system and the vent in his cell, which he claims was clogged with dirt, dust, and possible fiberglass liner. Plaintiff states that dust and other foreign objects blow out of his cell vent whenever the ventilation system

1

is turned on. Plaintiff states that he forwarded several request slips regarding the conditions to Defendant Polley, the Chief Engineer of Maintenance, who is responsible for cleaning the ventilation system.

Plaintiff submitted a grievance regarding his cell vent. In response, the grievance counselor informed Plaintiff that Defendant Polley stated his workers do not clean inside of individual cells because that is the inmate's responsibility. Plaintiff states that his cell vent is approximately fourteen feet off the ground and is impossible to clean without a ladder and proper equipment, which the facility does not provide.

### ANALYSIS

"Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). "Prisoners are, however, entitled to 'the minimal civilized measure of life's necessities.'" *Dixon*, 114 F.3d at 642 (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoted citations omitted).

In a claim related to inhumane conditions of confinement, a plaintiff must establish an objective and subjective component. "To satisfy the objective component, a plaintiff must show that the deprivation alleged is 'objectively, sufficiently serious.' Specifically, the plaintiff must show that 'the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities." *Staggs v. Hollenbeck*, 248 F.3d 1159 (7th Cir. 2000) (internal quotation marks and citations omitted).

To establish the subjective component, a plaintiff must show that a defendant was deliberately indifferent, "that the official knew about the risk of harm, had the ability to prevent

the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) (citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)).

"Conditions such as poor ventilation do not fall below 'the minimal civilized measure of life's necessities,' absent medical or scientific proof that such conditions exposed a prisoner to diseases or respiratory problems which he would not otherwise have suffered." *Thomas v. Cox*, No. 10-997, 2011 WL 3205660, at *4 (S.D. Ill. July 27, 2011) (citing *Dixon*, 114 F.3d at 645). Here, Plaintiff alleges that he suffered physical ailments due to the cell vent which was clogged with dirt, dust, and fiberglass liner and that Defendant Polley was aware of the problem but did nothing to remedy the issue. As such, the Court finds that Plaintiff has sufficiently alleged an Eighth Amendment conditions of confinement claim against Defendant Polley.

Finally, Plaintiff filed a Motion to Request Counsel. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must first determine if the plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff indicates he attached an exhibit to his motion to show he contacted several attorneys, but no exhibit was attached. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) Pursuant to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment conditions of confinement claim against Defendant Buck Polley. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Plaintiff's Motion to Request Counsel [4] is DENIED.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer

or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 1/3/24

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge
